UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| AUGUSTO A. ZUCCO and | : | CASE NO: 1-19-00511-HWV |
| HILLARY J. STYER | : | |
| | : | |
| Debtors | : | |

## LIMITED OBJECTION TO AMENDED SEVENTH APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSES OF ATTORNEY FOR DEBTORS

Creditor Tracy Simms, by and through her counsel, Mette, Evans and Woodside, files the following Limited Objection to the Amended Seventh Application for Allowance of Compensation and Expenses of Attorney for Debtors, and in support thereof states as follows:

1. On February 7, 2022, counsel for Debtors filed a Seventh Application for Allowance of Compensation and Expenses ("Seventh Application").

2. Creditor Tracy Simms ("Creditor Simms") is the ex-wife of Debtor Augusto A. Zucco ("Debtor Zucco") and Debtor Zucco was ordered to pay alimony to Creditor Simms in the amount of $2,000.00 monthly starting August 2020.

3. Creditor Simms filed a limited objection to the Seventh Application and the matter was set for hearing on March 23, 2022.

4. On March 17, 2022, Debtors filed an Amended Seventh Application for Allowance of Compensation and Expenses ("Amended Seventh Application"), necessitating this restated limited objection.

5. Debtor Zucco has largely not complied with his post-petition alimony order.

6. On October 6, 2021, Attorney for Debtors filed a Sixth Application for allowance of compensation and expenses; Creditor Simms filed a Limited Objection to that application and asserted that while the Attorney for Debtors may have been

entitled to compensation, that compensation should not have higher priority than Debtor Zucco's DSO obligation.

7. In a conciliatory effort, realizing some benefit for her collection efforts to allowing Debtor Zucco to keep other creditors at bay, Creditor Simms agreed not to object if Debtor Zucco modified his plan by a Fifth Amended Chapter 13 Plan which provided for post-petition alimony arrears through November 2021, and providing for payment pro rata between Creditor Simms and Attorney for Debtors for those amounts agreed to be paid through the plan. Upon approval of this plan on November 30, 2021, Creditor Simms withdrew her Limited Objection to the previous application for compensation.

8. Thereafter, on or about December 3, 2021, Debtor Zucco requested Creditor Simms consent to again modify his plan to include the next six (6) months of alimony in a plan. Such a provision would only have resulted in Debtor Zucco going $2,000.00 further delinquent each month.

9. Creditor Simms' attorney advised Debtors' attorney that it was her belief that 11 U.S.C. §1328(a)(8) provides that a plan can only be 'confirmed' if all amounts for DSO post-petition are paid. As a result, it was unlikely Creditor Simms would agree to a scheme which lowered her monthly payments.

10. In the interim, it is alleged that Debtor Zucco told his Pennsylvania domestics attorney, who told Creditor Simms' Pennsylvania domestics attorney, that Creditor Simms had accepted this provision for the sole purpose to stop a pending contempt/enforcement action in Adams County, Pennsylvania. As a result, Creditor Simm's attorney advised Attorney for Debtors that there would be no further agreement and alimony for December 2021 and forward, at the rate of

$2,000.00 per month, was expected to be paid directly or Creditor Simms would seek appropriate resolution.

11. Debtor Zucco is past due for payments of $2,000.00 for December 2021, January 2022, February 2022, and March 2022. One payment in the amount of $250.00 was made to Creditor Simms in a check from Members 1st Federal Credit Union from an account for HGAE, LLC, with Debtor's address, that he labeled as "December 21 Alimony Payment."

12. Debtor Zucco would frequently send checks in such an amount claiming they were payment of alimony, but Debtor Zucco's alimony award has been $2,000.00/mo. since August 2020. See original Order of the Superior Court of Danbury, Connecticut, attached hereto as Exhibit "A."

13. Debtor Zucco has appealed the alimony award in Connecticut and has argued that the alimony award should be stayed; Debtor Zucco lost the argument in Connecticut Superior Court in December 2020. See Order on the Objection to Defendant's Motion for Temporary Stay, attached hereto as Exhibit 'B'.

14. The issue then was appealed to the Appellate Court of the State of Connecticut. While agreeing that a lump sum alimony payment of $110,000.00 would be stayed by the appellate stay, the Court, on February 10, 2021, said specifically "the order of periodic alimony of $2,000.00 per month is not automatically stayed." See Order, attached hereto as Exhibit 'C'.

15. Creditor Simms asserts that Debtor Zucco has been behind in total post-petition alimony in the amount of $38,000.00, reduced to $28,844.94 based upon Trustee payments previous to this Amended Application; he is behind $7,750.00 in alimony just since the last modified plan.

3

Case 1:19-bk-00511-HWV    Doc 186    Filed 04/06/22    Entered 04/06/22 16:10:16    Desc
Main Document    Page 3 of 5

16. During the course of this Chapter 13 case, since May 29, 2019, Debtors have paid $66,662.50 to the Chapter 13 Trustee. Debtors' counsel has received $38,983.96 of that, taxing authorities have received $9,180.83, the Trustee has collected commission of $5,099.84 and is holding $4,242.81 until the determination of this Amended Application. Creditor Simms has received just $9,155.06 towards the post-petition arrears via the Trustee. Debtor Zucco is diverting funds that should be paying post-petition alimony claims in order to continue payment on his Chapter 13 Plan, while hoping he will be successful on appeal.

17. Creditor Simms' continued alimony claim, which was specifically not included in the modified plan, should have priority to <u>all</u> other claims under 11 U.S.C. §507(a)(1)(A), including administrative claims of the Trustee and the Debtors' attorney, which are classified as §507(a)(1)(C) and §507(a)(2) respectively, and Debtor Zucco should not receive relief under the Bankruptcy Code without payment of required alimony. Creditor Simms has filed a Motion to Dismiss the case due to the continued failure to comply.

16. This objection is limited in nature because Creditor Simms acknowledges that Debtors' counsel has likely incurred fees, but such continued fees should not be paid in advance of payments to Creditor Simms, who has ultimate priority under 11 U.S.C. §507(a)(1)(A). Thus, Creditor Simms would object to any distribution to the Attorney for Debtors on this current Application for Compensation via the Chapter 13 Trustee until Debtor Zucco has fully paid all post-petition alimony amounts due and owing.

WHEREFORE, Creditor Simms herein requests that this court refrain from entering an

4

order approving the Seventh Application at this time and instead set a hearing on this matter.

METTE, EVANS & WOODSIDE

By: /s/ Tracy L. Updike
Tracy L. Updike, Esquire
Attorney I.D. #88680: PA
3401 North Front Street
P. O. Box 5950
Harrisburg, PA 17110
Attorney for Tracy Simms

Date: April 6, 2022